Dear Ms. Beebe:
You have requested the opinion of the Attorney General concerning the retroactive application of LSA-R.S. 17:444, as amended by Act Numbers 779 and 781 of 1991 Regular Session, your request has been referred to me for consideration and response.
Act Number 988 of 1985 Regular Session enacted as LSA-R.S.17:444B(1) provided that any nontenured teacher who was promoted to a position of higher salary could not be dismissed during the term of his contract of employment unless "found incompetent or inefficient or shall fail to fulfill the terms and performance objectives of his contract during the term of his employment, he shall be removable for such cause by the board; provided, however, that any person so removed shall have the right to written charges, notice of hearings, and a fair hearing before the board." LSA-R.S. 17:444B(3). Under the 1985 Act, there were no requirements applicable to the decision not to renew an employee's contract.
LSA-R.S. 17:444B(4)(c)(iv) now provides requirements where the school board refuses to renew an employee's contract, it states:
 The board shall negotiate and offer a new contract at the expiration of each existing contract unless the Superintendent recommends against a new contract based on an evaluation of the contractee as provided for in R.S. 17:391.5, or unless failure to offer a new contract is based on a cause sufficient to support a mid-contract termination as provided in Item (iii) of this Subparagraph, or unless the position has been discontinued, or unless the position has been eliminated as a result of district reorganization, provided that should the position be re-created, the employee, if still employed by the board, shall have first right to refusal to the re-created position.
The question presented by your opinion request is whether the amended version of LSA-R.S. 17:444B would apply to a principal under a two year contract, beginning in July 1990 and ending in July 1992, thus, permitting the school board to decline renewing an employee's contract only in those instances enumerated in LSA-R.S. 17:414B(4)(c)(iv).
La.C.C. Article 6 provides:
 In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively, and retroactively, unless there is legislative expression to the contrary.
LSA-R.S. 17:444B(4)(c)(iv) affects the rights of contract employees who have been promoted to employment in a higher position and, therefore, it is considered substantive in nature for purposes of La.C.C. Article 6. Because there is no legislative expression to the effect that these 1991 amendments should be applied retroactively, LSA-R.S. 17:444B(4)(c)(iv) would not apply to any act which occurred before the July 19, 1991 effective date of that Act.
Since it has been determined that LSA R.S.17:444B(4)(c)(iv) should not be retroactively applied, we must then determine whether the law to be applied in this instance is that which was in effect at the time the contract was executed, July 1990, or the law which was in effect at the time the school board refused to renew the principal's contract, in August 1992. The actions at issue in this opinion request concern the school board deciding not to offer a new contract of employment to a principal whose contract had expired in July of 1992. The date of this nonrenewal decision, not the date that the previous contract was executed, would be determinative here. LSA-R.S.17:444B(4)(c)(iv) was in effect at the time the school board took its action not to renew the contract and, thus, it is the applicable law in this instance.
It is therefore the opinion of this office that amendments to LSA-R.S. 17:444B, effective July 19, 1991, affect substantive rights and may only be applied prospectively. Further, an employee who, in August of 1992, is up for renewal of his contract, which expired in July of 1992, is covered by LSA-R.S. B(4)(c)(iv).
I hope that this sufficiently answers your questions. If you require any further assistance, please feel free to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0286p